IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

STEVEN JOHNSON,                                                                       PLAINTIFF

v.                            Case No. 1:06-cv-1052

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Steven Johnson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability, disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act), and supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).

**1. Procedural Background:**

Plaintiff filed his applications for DIB and SSI on July 13, 2004, alleging an onset date of August 20, 2001. (Tr. 48).[2] Plaintiff's impairments included lung problems, difficulty breathing, and chest pain. Plaintiff's applications were denied initially and on reconsideration. (Tr. 31, 38, 141). Pursuant to Plaintiff's request, a hearing before an Administrative Law Judge (ALJ) was held on June 24, 2005. The Plaintiff was present and represented by counsel, Denver Thornton, at the

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

hearing. Also testifying was a vocational expert. (Tr. 146-169). After considering all of the evidence of record, the ALJ rendered a decision on January 26, 2006, finding the Plaintiff was not disabled within meaning of the Act at anytime during the relevant time period. (Tr.14-19). The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on April 10, 2006. (Tr. 5-7).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

"physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)©. A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

The Plaintiff appealed the decision of the Commissioner finding him not disabled. He claims the ALJ's findings are not supported by substantial evidence in the record because the ALJ improperly applied the factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984); posed an

improper hypothetical question to the vocational expert (VE); and, improperly found Plaintiff had the residual functional capacity (RFC) for sedentary work. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints in accordance with *Polaski*, posed a proper hypothetical to the VE, and properly found Plaintiff capable of performing sedentary work.

### A. *Polaski* Analysis

The Plaintiff claims the ALJ erred in his determination that Plaintiff's subjective complaints of pain were not fully credible. The Plaintiff asserts the ALJ performed an improper *Polaski* evaluation. The Defendant argues the ALJ's credibility determination is entitled to deference by this Court and there is substantial evidence in the record to support that determination.

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). These five *Polaski* factors must be analyzed in light of the claimant's subjective complaints of pain and discomfort. The factors are: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *See id.* at 1322. The ALJ is not required to methodically discuss each *Polaski* factor as long as the ALJ acknowledges and examines those factors before discounting the subjective complaints of the claimant. *See Lowe v. Apfel,* 226 F.3d 969, 371-72 (8th Cir. 2000).

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). I find the ALJ did make such an analysis and that the ALJ's decision is supported by

substantial evidence.

The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991). In this case, the ALJ did not simply discredit Plaintiff's subjective complaints without explanation. The ALJ properly applied the factors enumerated in *Polaski*, and determined based upon the record as a whole, that Plaintiff's complaints were not credible to the extent alleged.

The ALJ noted that the Plaintiff's subjective allegations were not established by the record. The ALJ then analyzed and discussed the medical records of Plaintiff. These records show that on October 11, 2001, Plaintiff underwent a bronchoscopy which showed Plaintiff suffered from sarcoidosis. (Tr. 59-63). On May 3, 2002, Dr. Richard Dietzen examined Plaintiff for shortness of breath. Plaintiff indicated he noticed being short of breath after playing softball and moving furniture. Dr. Dietzen also advised Plaintiff to stop smoking. (Tr. 72).

On June 7, 2004, Plaintiff was seen by a pulmonary specialist, Dr. James Florez. (Tr. 126). Dr. Florez noted Plaintiff's sarcoidosis was initially treated with prednisone with some improvement. (Tr. 126). Plaintiff reported that he was having difficulty at work due to the dusty atmosphere. (Tr. 126). Additional medications of Advair and Combivant, were prescribed. (Tr. 127).

The ALJ also noted that while Plaintiff indicated an onset date of August 20, 2001, he continued to work with earnings of $21,168.74 in 2001, $5,230.29 in 2002, $17,932.82 in 2003 and $10,427.11 in 2004. (Tr.50).

5

The ALJ found that the medical findings were not consistent with the disabling level of pain alleged by the Plaintiff. The absence of objective medical findings to support allegations of disabling pain or other symptoms is one factor which can be used to evaluate credibility. *See Black v. Apfel*, 143 F.2d 383 (8th Cir. 1998).

The ALJ discussed the daily activities of Plaintiff in performing his *Polaski* analysis. (Tr. 16). On a form completed July 13, 2004, Plaintiff reported that he was capable of performing housework and chores, although he did state that he could not do yard work due to his breathing difficulties. (Tr. 52). Plaintiff also stated that he was capable of driving, preparing meals, and paying bills. (Tr. 53). Plaintiff reported that his activities included attending church, watching television, listening to the radio and visiting with friends. (Tr. 53). Plaintiff also indicated he took care of personal needs, did laundry, washed dishes, prepared meals, drove, and did ironing and vacuumed. (Tr. 52). Allegations of disabling pain may be discredited by evidence of daily activities inconsistent with the alleged level of pain. *See Gray v. Apfel*, 192 F. 3d 799 (8th Cir. 1999).

The ALJ also discussed aggravating factors and functional restrictions based on Plaintiff's difficulty breathing. In reviewing these aggravating factors the ALJ found that Plaintiff has limitations for heavy lifting, working around dust, fumes and chemicals, and extreme temperature changes. (Tr.17-18).

The ALJ considered the dosage, effectiveness, and side effects of medication used by the Plaintiff. The ALJ discussed Plaintiff's use of Advair, Combivent and Prednisone. While he did not specifically discuss the dosage level of each of those medicines, the ALJ found that Plaintiff reported that use of medication improved his medical condition. (Tr. 15).

The record shows that the ALJ acknowledged the *Polaski* factors. Further it is clear the ALJ performed an analysis of those factors as they relate to the Plaintiff's complaint of pain. I find the ALJ's *Polaski* analysis to be proper and his findings ported by substantial evidence.

### B. Hypothetical Question to the Vocational Expert

Plaintiff argues the hypothetical question posed by the ALJ to VE failed to include all of Plaintiff's impairments and as such, was an improper hypothetical. The Defendant asserts the ALJ's hypothetical question was proper and included all credible impairments found by the ALJ to be supported by the record.

It is generally accepted that VE testimony in response to a hypothetical question is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established that the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

Although Plaintiff argues the hypothetical failed to set out all of Plaintiff's limitations, he fails to indicate which of his limitations were left out of the hypothetical question. (Doc.No. 8, pg.11-12). Plaintiff argues that the ALJ's hypothetical question was confusing in that he asked the VE to assume the ability to perform sedentary work and gave additional limitations, and that the standing and walking were not consistent with the definition of sedentary work. (Doc. No. 8 pg. 11). However, a review of the record shows that the hypothetical question did not ask the VE to assume sedentary work, instead it set forth specific limitations which were generally consistent with

7

sedentary level work activity. (Tr. 167-168). In response to the hypothetical question, which contained all of the limitations found credible by the ALJ, the VE cited several jobs which Plaintiff would be capable of performing. (Tr. 168).

The ALJ found Plaintiff was physically limited to lifting 10-15 pounds occasionally; standing and walking three hours in an eight-hour day, 30-45 minutes without interruption; sitting for six hours in an eight-hour day, two hours without interruption; no climbing, and only occasional balancing, stooping, crouching, kneeling and crawling; push/pull limited to 15 pounds; and no work in areas of dust, fumes, chemicals or temperature extremes. (Tr. 167-168). In response to a hypothetical question containing these limitations, the VE testified that such an individual would not be able to perform Plaintiff's past work, but that other work existed in the national economy consistent with the limitations posited by the ALJ. (Tr. 168). The VE testified that the jobs consistent with the hypothetical included telephone sales or telemarketer, 400,000 jobs nationally, and 3,000 locally; and sedentary level clerical worker, 900,000 jobs nationally, and 6,000 locally. (Tr. 168). Relying on proper VE testimony, the ALJ found that claimant was not under a disability as defined by the Act.

I find the ALJ's hypothetical question properly set forth those limitations he found credible and which are supported by the evidence of record.  *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated that jobs existed in both the national and local economy for that vocational profile. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence to support the ALJ's decision.

### C. Residual Functional Capacity

Plaintiff argues he does not have the RFC for sedentary work. In support of this argument, he states this is a case about breathing and extreme fatigue. (Doc. No. 8 pg. 12). He argues the ALJ erred by failing to discuss fatigue given that evidence or Plaintiff's fatigue "thoroughly saturate the medical record, the physician's opinion and the Plaintiff's description of his limitation." ( Doc. No. 8 pg. 12). Plaintiff completely fails to point to any part of the record containing medical evidence of his extreme fatigue. The Court's review of the record reveals no medical or physician opinion discussing fatigue. Rather than the record being saturated with evidence of Plaintiff's fatigue, it is devoid of such evidence.

As pointed out by the Defendant, Plaintiff did complete a form indicating that he took naps twice a day for about 1 to 1 ½ hours. (Tr. 54). However, there is nothing in Plaintiff's medical records which show this to be a medical necessity, nor have any of Plaintiff's doctors directed him to do so. The fact that Plaintiff did not report severe, ongoing fatigue to his doctors undermines his complaints of disabling fatigue. *See Fredrickson v. Chater*, 359 F.3d 972, 976 (8th Cir. 2004).

I find substantial evidence supports the ALJ's decision that Plaintiff possessed a RFC for sedentary work and that Plaintiff was capable of performing a limited range of sedentary level work activity.

### 4. Conclusion:

The Court has reviewed all of the relevant medical records and briefing in this case. After a careful review of the entire record, this Court finds there is substantial evidence to support the decision of the ALJ. Accordingly, the Commissioner's decision should be affirmed, and the

Plaintiff's complaint dismissed with prejudice.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

    **ENTERED** this  **27th day of April, 2007.**

                                                /s/  Barry A. Bryant
                                              HON.  BARRY  A. BRYANT
                                              U. S. MAGISTRATE JUDGE